FILED'08 DEC 17 10:29USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JULEE Y. SCRUGGS,                                              Civil No. 06-6058-CL

    Plaintiff,                                                          ORDER

v.

JOSEPHINE COUNTY; DAVID H.
DANIEL; and JEFF MICHAEL,

    Defendants.

CLARKE, Magistrate Judge:

    Following a jury trial in this case, the jury returned a verdict in favor of plaintiff on her claims of retaliation in violation of Title VII and ORS 659A.030, awarding $133,323.23 in economic damages consisting of $120,853.93 in back pay and $12,470.00 in front pay, and $50,000.00 in noneconomic damages; and in favor of defendants on plaintiff's claims of retaliation in violation of the First Amendment and disparate treatment in violation of Title VII (#113).

    During trial, the Court informed the parties and placed on the record that the equitable remedies of back pay and front pay available on plaintiff's Title VII claims, Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843, 848-53 (2001); Lutz v. Glendale Union High Sch., 403 F.3d 1061, 1068-69 (9th Cir. 2005), would be submitted to the jury

Order - 1

for advisory findings pursuant to Federal Rules of Civil Procedure 39(c). For the reasons explained below, the Court reduces the back pay award to account for the Court's ruling at trial that taxes on amounts withdrawn by plaintiff should be excluded from economic damages and otherwise adopts the back pay award, and the Court adopts the front pay award.

**Back pay award**

The jury awarded $120,853.93 in back pay. At trial, the Court granted defendants' motion for directed verdict to exclude from damages taxes on amounts withdrawn by plaintiff, but denied defendants' motion as to a withdrawal penalty (#108). The jury was advised to reduce plaintiff's damages, if awarded, by the amount of taxes. The amount of back pay awarded by the jury is the total amount of economic damages stated on plaintiff's Exhibit 61. Exhibit 61 includes three line items of federal and state taxes and penalty fees as losses, totaling $12,351.07.[1] Once the Court ruled that taxes were to be excluded from plaintiff's damages, plaintiff had an obligation to segregate the amount of taxes from the amount of penalty fees. The Court finds that, on the evidence presented at trial, plaintiff has not met her burden as to the amount which could be recovered for any penalty fees associated with withdrawal. Because it cannot be determined from the evidence how much of the $12,351.07 is for taxes rather than for penalty fees, $12,351.07 will be excluded from plaintiff's back pay award.

//

---

[1] The items include: "ING Fed Tax/State Tax/Penalty Fee" in the amount of $2,739.54; "IAP Fed tax/State tax/10% Penalty fee" in the amount of $2,881.84; and "PERS Fed tax/State tax/20% Penalty fee" in the amount of $6,729.69.

Order - 2

Otherwise, the Court finds that the back pay awarded by the jury is consistent with the evidence presented at trial as to lost wages and benefits and is consistent with the Court's instructions in this regard. The Court adopts the jury's award of back pay, less the amount included as damages for taxes and penalty fees. The Court awards $108,502.86 in back pay.

**Front pay award**

The jury awarded $12,470.00 in front pay. Plaintiff's evidence as to her future wages was not particularly strong. Considering the evidence presented at trial and considering that plaintiff's front pay claim was not supported by expert testimony and was somewhat speculative, the Court cannot say that the jury's verdict is irrational or unreasonable. The jury awarded lost wages and benefits for three years plus the additional $12,470.00 in front pay. The award is supported by the evidence presented and the Court's jury instructions in this regard. The Court finds that the jury's award is fair and not unreasonable and, therefore, the Court adopts the jury's verdict as to front pay.

## ORDER

The Court adopts the jury's award of back pay with the reduction as stated and the award of front pay, and awards $108,502.86 in back pay and $12,470.00 in front pay.

IT IS SO ORDERED.

DATED this _17_ day of December, 2008

_____
UNITED STATES MAGISTRATE JUDGE

Order - 3