FILED'08 DEC 17 10:23USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JULEE Y. SCRUGGS,                                      Civil No. 06-6058-CL

     Plaintiff,                                    FINDINGS OF FACT AND
                                                      CONCLUSIONS OF LAW

    v.

JOSEPHINE COUNTY; DAVID H.
DANIEL; and JEFF MICHAEL,

     Defendants.

CLARKE, Magistrate Judge:

At trial commencing November 18, 2008, plaintiff's claim of retaliation in

violation of the First Amendment, her claims of retaliation in violation of Title VII and

ORS 659A.030, and her claim of disparate treatment based on gender in violation of

Title VII, were tried to a jury and plaintiff's claim for violation of the state whistleblowing

statute, ORS 659A.203, was simultaneously tried to the Court.  See ORS 659A.885(1)(2).

The jury returned a verdict in favor of plaintiff on her claims of retaliation in violation of

Title VII and ORS 659A.030, and in favor of defendants Daniel, Michael, and Josephine

County on plaintiff's claim of retaliation in violation of the First Amendment and on her

Title VII claim of disparate treatment  (#113).  In a separate Order entered this date, the

Court adopted the jury's back pay award, with reduction, in the amount of $108,502.86

Findings of Fact and Conclusions of Law - 1

and its front pay award in the amount of $12,470.00, on plaintiff's Title VII and ORS

659A.030 retaliation claims. Having independently evaluated the evidence, the Court

makes the following findings of fact and conclusions of law, finding in favor of plaintiff

as to her Oregon statutory whistleblowing claim.

**Liability**

The Court, in making its ruling as to plaintiff's state claim, will not merely follow

the jury's verdict on plaintiff's federal claims, but will independently evaluate the

evidence presented by the parties at trial and apply applicable law.

The Oregon whistleblowing statute, ORS 659A.203, provides in pertinent part

that:

> (1) . . . [I]t is an unlawful employment practice for any public
> employer to:
> . . . .
> (b) Prohibit any employee from disclosing, or take or threaten to
> take disciplinary action against an employee for the disclosure of any
> information that the  employee reasonably believes is evidence of:
> (A) A violation of any federal or state law, rule or regulation by the
> state, agency or political subdivision;
> . . . .

ORS 659A.203 protects a "disclosure" of wrongdoing within an agency or department.

Bjurstrom v. Or. Lottery, 202 Or. App. 162, 169-71 (2005).

The parties agree that the elements stated by the Oregon district court in Clarke v.

Multnomah County must be proved by plaintiff to recover on her whistleblower claim.

No. CV-06-229-HU, 2007 WL 915175 (D. Or. Mar. 23, 2007), declined to follow on

other grounds by Posey v. Lake Pend Oreille Sch. Dist. No. 84, ___ F.3d ___, No. 07-

35188, 2008 WL 4570616 (9th Cir. Oct. 15, 2008). Therefore, plaintiff must show that:

Findings of Fact and Conclusions of Law - 2

"(1) she engaged in protected activity; (2) she suffered an adverse employment decision; and (3) she suffered the adverse employment decision because she engaged in the protected activity, that is, there is a causal link between her activity and the employment decision." Clarke, 2007 WL 915175, at *14; see Minter v. Multnomah County, No. CIV-01-352-ST, 2002 WL 31496404, at *6 (D. Or. May 10, 2002) (applying standards for Title VII retaliation claim to claims under Oregon Whistleblower Act) (and cases cited); Nederhiser v. Foxworth, No. Civ. 05-787-KI, 2007 WL 869710, at *5 (D. Or. Mar. 21, 2007).

Defendant disputes only the element that there was any causal link between plaintiff's opposition to sexual harassment in 2002 to 2003 and her discharge in 2005. (Defs. Trial Mem. at 5.) The Oregon Court of Appeals in Hardie v. Legacy Health System, clarified the causation analysis under Oregon law:

> To prevail in a "mixed motive" claim, a plaintiff must be able to "show that he or she 'would not have been fired but for the unlawful discriminatory motive of the employer.'" We have not further clarified the meaning of the "but for" standard in employment discrimination cases. . . . We have also described the evidentiary standard for employment discrimination claims by using language other than "but for." [We have] held that the protected activity must be a "substantial factor" in the wrongful discharge. [We have] held that an employer's wrongful purpose must be "a factor that made a difference." The crux of the standard, regardless of which phraseology is attached to it, is whether, in the absence of the discriminatory motive, the employee would have been treated differently.

167 Or. App. 425, 435 (2000) (citations and footnotes omitted), partially superseded by statute on other grounds; Lakeside-Scott v. Multnomah County, No. Civ. 02-1505-MO, 2004 WL 1068796, at *10 (D. Or. May 11, 2004) (analyzing ORS 659A.203 whistleblowing retaliation claim; under Hardie, "It is Lakeside-Scott's burden to show

Findings of Fact and Conclusions of Law - 3

that she would not have been terminated in the absence of Brown's allegedly unlawful motive."); Lampert v. Clackamas County, No. Civ. 03-828-HA, 2005 WL 730636, at *10 (D. Or. Mar. 30, 2005) (ORS 659A.203 claim); Nederhiser, 2007 WL 869710, at *5 (same); see El-Hakem v. BJY Inc., 262 F. Supp.2d 1139, 1152-53 (D. Or. 2003) (under Hardie, plaintiff had to show he would not have been terminated but for the retaliatory motive of employer), aff'd, 415 F.3d 1068 (9th Cir. 2005), cert. denied, 547 U.S. 1004 (2006); Amb v. Winco Foods, Inc., No. CV 06-26-MO, 2006 WL 3325173, at *3 (D. Or. Nov. 13, 2006) (under Hardie, plaintiff must show employer would not have made same decision to terminate her in absence of discriminatory motive).

The evidence at trial showed that plaintiff made a claim of sexual harassment to the Josephine County Sheriff's Office in 2001 relating to Sergeant Mike Matiaco. Plaintiff was dissatisfied with the result of the investigation and threatened to go public if further action was not taken by the Sheriff's Office. Another investigation was conducted in 2002 and, as a result, Matiaco was demoted to deputy. Plaintiff made a further claim of harassment against Matiaco in 2003, but that claim was not sustained. The evidence showed that plaintiff, in 2004, spoke publicly to the local newspaper about her complaints and the Sheriff's Office response to them. Also in 2004, Sheriff Daniel, in response to plaintiff's and other employee's complaints wrote a "Guest Opinion" in the newspaper in which he stated in part: "Matiaco made some mistakes and was appropriately disciplined. Some people just can't let it go. If they believe things are that bad, then there are some employees who need to get another job. Three have done so, and the other four need to

consider it." There is little question that plaintiff's continued complaints of unlawful

harassment were not received well by a generally male dominated culture that existed in

the Sheriff's Office at the time.

The evidence showed that plaintiff was a very good employee with a limited

disciplinary record in 2005 when the Sheriff's Office investigated her for, among other

things, allegedly leaking confidential police information to an outlaw motorcyle group

that was planning an event in Josephine County. Plaintiff was charged with leaking

information that certain federal law enforcement agencies were participating in a multi-

agency police presence being planned for the event. The investigation of plaintiff's

conduct by Josephine County inexplicably relied upon the statement of an officer of the

motorcyle group, rather than the statement of plaintiff -- a long term very good employee

– who strongly denied leaking the information. The Sheriff's Office did not interview the

one third party witness to the alleged leaking of information by plaintiff. Further,

although no one disputes that leaking confidential information is very serious, the

evidence did not show that any law enforcement agents were put at risk by the alleged

leak. The evidence showed that the week prior to the event, the Sheriff's Office made it

known to the public by way of the local newspaper that a very large multi-agency police

presence would be at the motorcyle event. The newspaper article specifically discussed

that federal law enforcement had prior contacts with the motorcycle group. It could have

been no surprise that federal law enforcement would be part of the multi-agency presence

for the event.

//

Defendant Josephine County contends that plaintiff was terminated solely because she leaked confidential information and for four other charges of insubordination, unbecoming conduct, not being truthful, and misuse of confidential informants. The Court finds that the latter four charges were either completely defeated or significantly reduced in seriousness by the evidence at trial. The Court, in the end after carefully considering all of the evidence, is persuaded that plaintiff has met her burden of showing that her prior complaints about the Sheriff's Office were the "motivating and substantial factor" and the "but for" cause in defendant Josephine County's decision to terminate her employment. The Court finds that defendant would not have terminated plaintiff in the absence of plaintiff's protected activity.[1]

Accordingly, based on the Court's independent review of the evidence presented at trial, the Court finds that defendant Josephine County violated Oregon's whistleblowing statute, ORS 659A.203, when it discharged plaintiff from employment.

**Damages**

On her state whistleblowing claim, plaintiff seeks damages in the form of lost wages including back pay, front pay, and loss of health insurance and pension benefits; general damages, punitive damages, and a reasonable attorneys fee.

ORS 659A.885(1)(2) provides that, in an action brought alleging a violation of ORS 659A.203, "the court may order injunctive relief and any other equitable relief that

---

[1]    Because the Court has independently reached the same result on plaintiff's state whistleblowing claim as the jury rendered on plaintiff's Title VII and ORS 659A.030 retaliation claims, it is not necessary for the Court to determine whether it would be bound by any findings made by the jury in this regard. Cf. Los Angeles Police Protective League v. Gates, 995 F.2d 1469, 1473 (9th Cir. 1993); Miller v. Fairchild Indus., Inc., 885 F.2d 498, 507 (9th Cir. 1989).

may be appropriate, including but not limited to reinstatement or the hiring of employees with or without back pay," and may allow the prevailing party costs and reasonable attorneys fees.  Subsection (5) provides that, in addition, the court may award "compensatory damages or $250, whichever is greater."  Courts have found that "compensatory damages" as used in ORS 659A.885 includes front pay.  <u>Farrington v. Pepsi-Cola Bottling Co. of Bend</u>, No. Civ. 03-6297-TC, 2004 WL 817356, at *6 & n.11 (D. Or. Feb. 25, 2004); <u>see</u> <u>Tadsen v. Praegitzer Indus., Inc.</u>, 324 Or. 465, 469-70 (1996) (predecessor statute); <u>Wooton v. Viking Distrib. Co.</u>, 136 Or. App. 56, 65 (1995) (same); <u>Bednarz v. Bay Area Motors, Inc.</u>, 95 Or. App. 159, 161 (1989) (same).

Punitive damages are not a designated remedy for a violation of ORS 659A.203. ORS 659A.885(5), <u>supra</u>; <u>cf.</u> ORS 659A.885(3)(a) & (6) (authorizing compensatory and punitive damages for violation of specified statutes).

Having considered the evidence presented, the Court awards relief in the form of back pay in the amount of $108,502.86; and $62,470.00 in compensatory damages, which includes $12,470.00 in front pay.

## CONCLUSION

The Court finds in favor of plaintiff Julee Y. Scruggs and against defendant Josephine County on plaintiff's state whistleblowing claim in violation of ORS 659A.203, and awards her $170,972.86, consisting of $108,502.86 in back pay and $62,470.00 in compensatory damages.  Plaintiff is also entitled to recover her reasonable attorneys fees and costs.

IT IS SO ORDERED.

DATED this ⟨7⟩ day of December, 2008.

UNITED STATES MAGISTRATE JUDGE