FILED'09 MAR 10 08:12USDC-ORM

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

JULEE Y. SCRUGGS,

     Plaintiff,

        v.

JOSEPHINE COUNTY; DAVID H.
DANIEL; and JEFF MICHAEL,

     Defendants.

Civil No. 06-6058-CL

ORDER AWARDING
ATTORNEY'S FEES AND COSTS

CLARKE, Magistrate Judge:

Plaintiff has, pursuant to 42 U.S.C. § 2000e-5(k) and ORS 859A.885(1)(2),  filed a

motion for attorney's fees including non-taxable costs (#122), and a Federal Rules of Civil

Procedure 54(d) bill of costs (#123), following entry of judgment in her favor on her claims for

retaliation in violation of Title VII and ORS 659A.030 and on her Oregon statutory

whistleblowing claim.  Defendants object to plaintiff's requests for fees and costs.  For the

reasons explained, the Court awards a reasonable attorney's fee of $100,755, expert fees of

$942.50, non-taxable costs in the amount of $5,621.41, and taxable costs in the amount of

$1,695.30.


Order Awarding Attorney's Fees and Costs - 1

## DISCUSSION

### I. Background

Plaintiff Julee Scruggs worked as a deputy sheriff for defendant Josephine County from October 1998 until September 20, 2005, when she was terminated after an internal investigation. Defendant David Daniel was the Sheriff at the time and defendant Jeff Michael was a sergeant who conducted the internal investigation and made recommendations to the Sheriff. Plaintiff on March 15, 2006, filed this action alleging 42 U.S.C. § 1983 claims for violation of the First Amendment and Fourteenth Amendment, retaliation claims under Title VII, 42 U.S.C. § 2000e and ORS 659A.030, and an ORS 659A.203 whisleblowing claim. Plaintiff claimed, among other things, that she was terminated in retaliation for making sexual harassment claims against a supervisor and speaking out about the Sheriff's Department.

Plaintiff filed a motion for summary judgment on September 25, 2007, and defendants filed a cross motion for summary judgment on September 27, 2007. The court issued an order on March 4, 2008, denying plaintiff's motion in its entirety and granting defendants' motion in part. In particular, plaintiff's claim for violation of the Fourteenth Amendment and her claim of hostile work environment in violation of Title VII were dismissed. The court also dismissed portions of other claims as barred by the applicable statute of limitations. Plaintiff's claim of retaliation in violation of the First Amendment, claim for violation of the state whistleblowing statute, claims of retaliation in violation of Title VII and ORS 659A.030, and claim of disparate treatment based on gender in violation of Title VII and state law, remained for trial.

The five-day jury trial resulted in a verdict for plaintiff on her Title VII and ORS 659A.030 retaliation claims against defendant Josephine County. The jury awarded plaintiff

Order Awarding Attorney's Fees and Costs - 2

$183,323.93 in damages. Defendants Daniel and Michael received verdicts in their favor. The court post-trial issued an order in favor of plaintiff on her state whisleblowing claim and awarded $170,972.86 in damages.[1] The court entered judgment in favor of plaintiff on January 23, 2009, in the total amount of $170,972.86.

## II. Attorney Fees

Generally, the starting point for determining a reasonable attorney's fee is the "lodestar" figure, which is the number of hours reasonably expended in the litigation multiplied by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Caudle v. Bristow Optical Co., 224 F.3d 1014, 1028 (9th Cir. 2000) (attorney's fees award under 42 U.S.C. § 2000e-5(k)); Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1993) (attorney's fees award under 42 U.S.C. § 1988); see also Comm'r of Internal Rev. v. Banks, 543 U.S. 426, 438 (2005) ("In the federal system statutory fees are typically awarded by the court under the lodestar approach.")  The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. See Gates, 987 F.2d at 1397. The lodestar figure presumptively represents a reasonable attorney's fee. Id. In "rare" cases, upward or downward adjustments may be made to the lodestar figure for factors which are not deemed subsumed in the initial calculation. Id. at 1402. Factors which are to be considered in determining a reasonable fee include:

---

[1]    The court reduced the amount of the jury's back pay award by an amount representing federal and state taxes and penalty fees. The court had ruled during trial that the amount of taxes were to be excluded from plaintiff's damages and it could not be determined from plaintiff's evidence what amount represented taxes and what amount represented penalty fees (#116).

Order Awarding Attorney's Fees and Costs - 3

>(1) the time and labor required; (2) the novelty and difficulty of the issues involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by an attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by a client or other circumstances; (8) the amount in question and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Id. at 1402 n.5 (citing Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975)).

However, because certain factors are taken into account in calculating the lodestar, the Ninth

Circuit has determined that such factors "'cannot serve as independent bases for adjusting fee

awards.'"  These factors include:   "'(1) the novelty and complexity of the issues, (2) the special

skill and experience of counsel, (3) the quality of representation, and (4) the results obtained.'"

Cabrales v. County of Los Angeles, 864 F.2d 1454, 1464 (9th Cir. 1988) (citing Blum v.

Stenson, 465 U.S. 886, 898-900 (1984)), vacated, 490 U.S. 1087 (1989), decision reinstated, 886

F.2d 235 (1989).   In determining a reasonable fee award, "the most critical factor is the degree of

success obtained." Hensley, 461 U.S. at 436.  The court must review the petition for

reasonableness, even if no objection has been raised as to the number of hours billed or the

hourly rate used. Gates, 987 F.2d. at 1401.  The district court has "considerable discretion" in

determining the reasonableness of a fee award. Webb v. Ada County, 195 F.3d 524, 526 (9th Cir.

1999).

### 1. Hourly Rate

A reasonable hourly rate can be determined by looking at the prevailing rate in the

relevant community. See Barjon v. Dalton, 132 F.3d 496, 502 (9th Cir.1997). The relevant

community is normally the forum in which the district court sits which, in this case, is Medford

Order Awarding Attorney's Fees and Costs - 4

or southern Oregon. See id. at 500. Eugene is not in southern Oregon but, rather, is in the lower

Willamette Valley. Plaintiff's attorney, Brian Pocock, who is very experienced and practices in

Eugene, Oregon, seeks an hourly rate of $350 per hour. This is supported by his own declaration

and the declaration of Eugene attorney Marianne Dugan, who testified that $350 per hour is

"reasonable, given his education, experience, ability and current market rates." (Dugan Decl. ¶ 9

at 4.) In his declaration, Pocock states that plaintiff "was unable to find counsel in southern

Oregon because of the nature of the case and the political implications." (Jan. 26, 2009 Pocock

Decl. ¶ 14 at 7.) Plaintiff also cites to other recent district of Oregon cases from Eugene and

Portland awarding attorney fees to plaintiffs' attorneys.

　　　In response, defendants contend that "$350 per hour for litigating an employment case in

Southern Oregon is excessive." (Defs. Objection at 2.) Defendants ask the court to take judicial

notice of a July 5, 2007, order from this court in Longfellow v. Jackson County, Case No. CV

06-3043-PA, available at 2007 WL 2027126 (July 5, 2007), where the court set $225 as a

reasonable hourly rate for an experienced Medford attorney in a civil rights case. Longfellow

was a case brought under 42 U.S.C. § 1983 against Jackson County for alleged violation of First

Amendment rights. Following a trial, plaintiff Longfellow received a jury verdict of $4,853.30

in economic damages and $360,000 in non-economic damages. The court ordered a new trial

and, after the second trial, plaintiff received a jury verdict of $4,853.30 in economic damages and

$40,000 in non-economic damages. Plaintiff's Medford attorney sought a hourly rate of $250 per

hour and the court awarded $225.

　　　In a reply declaration, plaintiff's counsel argues that, even if rates are lower in southern

Oregon, it is not relevant because "plaintiff was unable to obtain representation from a local

Order Awarding Attorney's Fees and Costs - 5

attorney." Pocock further states "Ms. Scruggs came to me through the OSB lawyer referral service . . . ." (Feb. 16, 1009 Pocock Decl. ¶ 3 at 2.) Pocock again stresses the difficulty of getting counsel to pursue a case against a local police agency. Pocock also distinguishes the Longfellow case from the present case. Plaintiff argues, among other things, that Longfellow was factually quite different, was a one day trial, had a pretrial offer to compromise, and resulted in a less favorable verdict.

Rates outside the forum may be used if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle the case. Camacho v. Bridgeport Fin., Inc. 523 F.3d 973, 979 (9th Cir. 2008). The court is concerned that plaintiff has herself not provided a more detailed declaration laying out, among other things, what she specifically did to find local counsel including the number of attorneys contacted, or other declarations showing the availability or unavailability of local counsel. The court is, therefore, hesitant on this record to only consider Eugene as the relevant forum . However, plaintiff's counsel has provided evidence that plaintiff was unable to secure a southern Oregon attorney. The court is, therefore, willing to consider this factor, among others, in setting a reasonable hourly rate for Mr. Pocock.

A reasonable hourly rate is determined by looking at the prevailing rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation. See Barjon, 132 F.3d at 502; see also, Welch v. Metro. Life Ins. Co. 480 F.3d 942 (9th Cir. 2007). "The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the

Order Awarding Attorney's Fees and Costs - 6

community for similar services of lawyers of reasonably comparable skill and reputation."
Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).  Plaintiff's attorney, Brian
Pocock, has presented his own declaration and the expert declaration of Marianne Dugan in
support of his request for $350 per hour.  Plaintiff has also referred the court to a March 2008
economic survey of rates conducted by the civil rights section of the Oregon State Bar, available
at http://www.osbar.org/_docs/resources/HourlyRatesSurvey/CivilRights/CivilRightsReport.pdf.
This survey is a supplement to the 2007 Oregon State Bar Economic Survey.  The results are not
broken down by area of the state or experience, but  indicate the average and median rate for civil
rights attorneys was $250 per hour.  Half the respondents had higher rates.  Seventy-four percent
of the respondents had 20 years or less of experience and 19% had less than 10 years.  The Bar,
therefore, admits that the survey "seem to skew towards attorneys who have been in practice for
less than 20 years."  (Pl. Mem. Ex. A at 1.)  $350 per hour would be in the approximately 87th
percentile for attorneys handling Title VII cases.  There are many excellent attorneys in southern
Oregon.  The court, however, notes that there was no response from southern Oregon attorneys to
the survey, which may show that there are limited attorneys in southern Oregon who handle civil
rights cases.  The limited availability of specialists in a field is a relevant factor for the court to
consider in setting a reasonable hourly rate.  Gates, 987 F.2d at 1405.  This court has indicated
that the Economic Survey conducted by the Oregon State Bar is the "initial benchmark" for
determining a reasonable rate.  "Message From The Court Regarding Attorney Fee Petitions,"
available at http://ord.uscourts.gov.  "Attorneys may argue for higher rates based on inflation,
specialty, or any number of factors."  Id.

The 2007 Oregon State Bar Economic Survey, available at

Order Awarding Attorney's Fees and Costs - 7

http://www.osbar.org/_docs/resources/07EconSurvey.pdf, is broken down by area of the state

and years of experience. The survey on pages 27 to 28 lists hourly billing rates per area of the

state. Attorneys with over 30 years of experience in the Lower Valley, which includes Eugene,

have an average rate of $206, a 75th percentile rate of $242 and a 95th percentile of $284.

Southern Oregon attorneys with the same experience have an average rate of $205, 75th percentile

rate of $220 and 95th percentile of $300. This court has found that the OSB Survey has limits in

that it does not account for important factors like skill and reputation. In Miranda v. City of

Cornelius, Civ. No. 04-CV-241-AA, slip op. at 5 (D. Or. Mar. 8, 2006), the court approved an

award of $295 per hour for civil litigation and discussed the survey as follows:

> [T]he 2002 Oregon State Bar Economic Survey . . . accounts only for the
> attorney's years of experience rather than important factors such as skill and
> reputation. Furthermore, the survey includes hourly rates for attorneys who are
> part-time due to lack of legal work. Inclusion of these attorneys in the survey
> results in an underestimation of the prevailing market rate for skilled full-time
> attorneys with good reputations. See Affidavit of Phil Goldsmith, p. 5. (noting
> that attorneys lacking the skill and reputation to attract sufficient work at the
> prevailing rates will charge lower rates to obtain work). Given the bar survey's
> outdated figures and lack of consideration for skill and reputation, it is of limited
> value in this case.

This court has applied a 3% annual inflation factor to the survey. Frederickson v.

Consol. Supply Corp., No. 05-CV-1704-BR, 2006 WL 752587 (D. Or. Mar. 21, 2006).


This court is also permitted to look at rate determinations in other cases, particularly

those setting a rate for the plaintiff's attorney in the relevant forum. United Steelworkers of Am.

v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990); Chalmers v. City of Los Angeles, 796

F.2d 1205, 1214 (9th Cir. 1986), amended on other grounds by 808 F.2d 1373 (9th Cir. 1987).

Order Awarding Attorney's Fees and Costs - 8

This court in July 2007 set $225 as a reasonable hourly rate for an experienced Medford civil rights attorney in Longfellow which, while distinguishable and one year and six months old, still provides guidance to the court.

Plaintiff's attorney, Brian Pocock, has practiced law since 1966 and has been a member of the Oregon Bar since 1971. He has had substantial trial experience in a number of areas as set forth in his declaration. Pocock, in particular, is very experienced in handling employment cases. The court finds that he took on a difficult and important case with courage, passion, and skill, and achieved a very good result for his client. He also faced a vigorous defense from a law enforcement office and officers represented by an excellent attorney. There is also some evidence plaintiff had a difficult time finding local counsel. The court, after considering all the information presented by the parties and all other relevant factors, including those set forth in Kerr, 526 F.2d at 70, finds that $290 is a reasonable hourly rate for plaintiff's attorney Brian Pocock in this case. The court finds no basis to dispute the $75 per hour rate sought for legal assistant time.

### 2. Hours Expended

Plaintiff seeks an award of 381 hours at $350 per hour and 63.6 hours at $75 per hour for a total hourly fee award of $138,435. This includes recoverable time preparing the attorney fee and cost petition.

#### (1) Non-compensable time

##### (a) Time Devoted to Plaintiff's Motion for Summary Judgment

The court must determine the number of hours reasonably expended in furtherance of the successful aspects of the litigation. Chalmers, 796 F.2d at 1211; Clausen v. M/V New Carrissa,

171 F. Supp.2d 1138, 1142 (D. Or. 2001), aff'd, 339 F.3d 1049 (9th Cir. 2003). The court,

however, has discretion to award attorney's fees at different stages of the litigation, even if not

entirely successful if it contributed to the ultimate victory. Cabrales v. County of Los Angeles,

935 F.2d 1050, 1053 (9th Cir. 1991); Schwarz v. Sec'y of Health and Human Servs., 73 F.3d 895,

903 (9th Cir. 1995).

Defendants object to time entries listing 67.9 hours for work on plaintiff's unsuccessful

motion for summary judgment. These entries start on September 9, 2007, and go through

September 25, 2007. The court notes an entry of .6 hours on September 20, 2007, relating to

"discovery" that should not be grouped with the summary judgment time. Defendants also

include in this number a 10.8 hours entry (10 attorney hours plus .8 paralegal hours) on August

19, 2007. This relates to defendants' motion for summary judgment so will be discussed below.

With the omission noted, the court has calculated the time devoted to plaintiff's motion for

summary judgment to be 68.7 hours (66 attorney hours plus 2.7 paralegal hours). The court ruled

that clear issues of fact precluded summary judgment on any of plaintiff's claims. In response,

plaintiff points out that, as reflected in the billings, certain time has already been reduced from

the above entries devoted solely to plaintiff's motion for summary judgment and that the

remaining time was needed and helpful in responding to defendants' motion for summary

judgment and preparing for trial. The court agrees with plaintiff but only to a point. As will be

discussed below, plaintiff also has separate time entries of 45 hours for responding to defendants'

motion for summary judgment. The court finds that 25% of the hours listed for work on

plaintiff's motion for summary judgment is reasonable as foundational work that assisted in

defeating much of the summary judgment motion filed by defendants and preparing for trial. The

Order Awarding Attorney's Fees and Costs - 10

court finds the remaining 75% to be related solely to plaintiff's unsuccessful motion for summary

judgment and is disallowed.

### (b) Time Responding to Defendants' Motion for Summary Judgment

Defendants object to time entries totaling 34.2 hours from September 26, 2007, through

October 9, 2007, for time spent by plaintiff's attorney responding to defendants' motion for

summary judgment. Defendants argue that time should be reduced by one-third as defendants

were partially successful with their motion. The court declines to reduce this time. The overall

time for responding to defendants' well prepared motion was reasonable and resulted in most

claims surviving for trial. The court cannot segregate time devoted to the claims or issues upon

which defendants prevailed. The court finds that all the time at issue contributed to plaintiff's

victory in the case.

The court is concerned about the August 19, 2007, entry for 10 hours of attorney time and

.8 hour of legal assistant time that states: "Prep for anticipated defense MSJ; research; index

depositions." Billing records that contain "inadequate detail or that fail to separate time for

individual tasks may be totally or partially denied." Dry Creek Landfill Inc. v. Waste Solutions

Group, Inc., No. CV-04-3029-ST, 2007 WL 710214, at *5 (D. Or. Mar. 6, 2007). The court

would prefer a more detailed breakdown and description of the time. However, it seems clear

enough that the .8 hour legal assistant time was for "index depositions" and the 10 hours of

attorney time was for "Prep for anticipated defense MSJ; research." The court cannot say that

this was unreasonable or excessive given the complexity of defendants' motion for summary

judgment that plaintiff's counsel knew was going to be filed.

//

Order Awarding Attorney's Fees and Costs - 11

(c) **Trial Time**

Defendants contend that plaintiff's entire attorney fee award should be reduced by 25% as plaintiff only achieved a partial victory. Defendants argue that plaintiff only prevailed on one claim and that two of the defendants received defense verdicts. Plaintiff actually prevailed on three of her claims—her federal and state retaliation claims and her state whistleblowing claim.

Following Hensley, the Ninth Circuit has developed a two-part analysis where plaintiff's success is limited, as here:

> First, the court asks whether the claims upon which the plaintiff failed to prevail were related to the plaintiff's successful claims. If unrelated, the final fee award may not include time expended on the unsuccessful claims. If the unsuccessful and successful claims are related, then the court must apply the second part of the analysis, in which the court evaluates the 'significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.' If the plaintiff obtained 'excellent results,' full compensation may be appropriate, but if only 'partial or limited success' was obtained, full compensation may be excessive. Such decisions are within the district court's discretion.

Thorne v. City of El Segundo, 802 F.2d 1131, 1141 (9th Cir. 1986).

The Hensley Court held that, "Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." 461 U.S. at 440; Thorne, 802 F.2d at 1141. Unrelated claims are "distinctly different" and based on different facts and legal theories, while related claims "involve a common core of facts or [are] based on related legal theories." Hensley, 461 U.S. at 434-35, 437 n.12; Thorne, 802 F.2d at 1141; Jeff D. v. Andrus, 899 F.2d 753, 765 (9th Cir. 1989). The Ninth Circuit applies a "course of conduct" benchmark to determine whether claims are related or unrelated: "the test is whether relief sought on the unsuccessful claim 'is intended to remedy a course of conduct entirely distinct and

Order Awarding Attorney's Fees and Costs - 12

separate from the course of conduct that gave rise to the injury on which the relief granted is premised.'" Thorne, 802 F.2d at 1141 (citation omitted). Further, plaintiff may be compensated for attorney's fees incurred for services even on unsuccessful claims that contribute to the ultimate victory in the lawsuit. Schwarz, 73 F.3d at 903; Cabrales, 935 F.2d at 1052.

The court finds that plaintiff's successful and unsuccessful claims were related and that the overall result was very good. The claims at trial were similar legally and had a common core of facts and course of conduct. The court further finds that the time requested as adjusted by this order is reasonable in view of the result obtained. The court therefore declines to reduce the overall attorney fee award based on partial success at trial.

### (d) Legal Assistant Time

Defendants object to the legal assistant time claimed as duplicative of attorney time and not itemized. The pretrial legal assistant time entries are not particularly detailed and the court would prefer separate detailed time entries for the legal assistant. However, the general tasks listed are of a type performed by a legal assistant and could have been performed by an attorney at a higher billing rate. The trial legal assistant time of 8 hours per day is also not separate and detailed. Legal Assistant time is, in general, recoverable. Cameo Convalescent Ctr. v. Senn, 738 F.2d 836, 846 (7th Cir. 1984). The trial was complicated and involved numerous witnesses. Plaintiff's legal assistant was active and made important contributions to the trial including, among other things, assisting with witnesses, exhibits, other logistics and questioning of witnesses by trial counsel. The court does not find it unreasonable for plaintiff to have a legal assistant at trial in this case.

//

Order Awarding Attorney's Fees and Costs - 13

### 3. Adjustment

The court, having considered the factors set out in Kerr, 526 F.2d at 70, does not find this the rare case to adjust the lodestar upward or downward.

Accordingly, based on the foregoing, the court award $100,755 in hourly attorney's fees (331.5 hours attorney time X $290 per hour = $96,135, plus 61.6 hours paralegal time X $75 per hour = $4,620).

## III. Expert Fees

42 U.S.C. § 2000e-5(k) provides that, as part of a reasonable attorney's fee, the court may in its discretion allow expert fees. The court awards $942.50 for the expert fees of attorney Marianne Dugan. See Schwarz, 73 F.3d 895; see also Clark v. Peco, Inc., No. 97-737-HU, 1999 WL 398012 (D. Or. Apr. 16, 1999).

## IV. Costs

### 1. Non-Taxable Costs

Plaintiff attaches as Exhibit B to Mr. Pocock's declaration a list of "Additional Expenses." With the exception of the expenses for depositions, defendants object to all expenses claimed on the ground that there is no basis for recovery of the costs. Out-of-pocket expenses and other costs which are not recoverable as taxable costs under 42 U.S.C. § 1920 but are typically charged to a fee-paying client may be allowed by the court as part of an attorney's fee award under 42 U.S.C. § 2000e-5(k). Davis v. City of San Francisco, 976 F.2d 1536, 1556 (9th Cir. 1992) (Title

Order Awarding Attorney's Fees and Costs - 14

VII employment discrimination case), vacated in part by 984 F.2d 345 (9th Cir. 1993); see Harris

v. Marhoefer, 24 F.3d 16, 19-20 (9th Cir. 1994)  (42 U.S.C. § 1983 civil rights case warranting

attorney's fee award pursuant to § 1988).

        In his declaration in support of fees and costs, Mr. Pocock states that none of the

expenses in Exhibit B are expenses of a kind normally included in his office's overhead and are

expenses which would normally be charged directly to Ms. Scruggs.  (Pocock Decl. ¶ 11, at 6.)

        Plaintiff includes mileage expenses for traveling to Grants Pass and Medford from

Eugene for depositions and participation in oral argument of summary judgment motions, and for

mileage and lodging during trial.  (Pocock Decl. ¶11 at 5-6, ¶ 19 at 8.)  The Ninth Circuit has

found that the travel costs of counsel, including lodging, are recoverable out-of-pocket expenses.

Davis, 976 F.2d at 1556 (travel); Harris, 24 F.3d at 19-20 (hotel bills); see Palmigiano v.

Garrahy, 707 F.2d 636, 637 (1st Cir. 1983) (transportation and lodging included in fee award

under § 1988); Rayburn v. Wady Indus., Inc., No. C07-1008, 2008 WL 4643947, at *5 (N.D.

Iowa Oct. 17, 2008) (mileage plus lodging during trial under § 2000e-5(k)); Dowdell v. City of

Apopka, 698 F.2d 1181, 1191 (11th Cir. 1983) (citing cases in which travel and lodging expenses

allowed under § 1988 and Title VII).  Defendants do not object to the amounts claimed by

plaintiff's counsel for mileage and accommodation.  These charges were necessary to the

litigation and appear reasonable in amount.   The mileage and accommodation expenses are

allowed.

        Plaintiff includes the expense of Jerry Canning, a private investigator from Eugene, who

traveled to Southern Oregon and located, interviewed, and subpoenaed Mr. Bradshaw, and

conducted additional investigation.  (Pocock Decl. ¶ 11 at 6, ¶ 21 at 9.)  The District of Oregon

Order Awarding Attorney's Fees and Costs - 15

has allowed the expense of investigator services as a recoverable litigation expense. <u>Frenz v. Quereshi</u>, No. CV-97-1501-ST, 1999 WL 375584, at *6-*7 (Mar. 11, 1999); <u>see</u> <u>Sylvester v. City of New York</u>, No. 03 Civ. 8760(FM), 2006 WL 3230152, at *14 (S.D.N.Y. Nov. 8, 2006) (citing cases allowing costs of investigator); <u>Garmong v. Montgomery County</u>, 668 F. Supp. 1000, 1012 & app. A (S.D. Tex. 1987). This expenses appears to be a reasonable expense associated with the litigation. His services produced an important witness. If Mr. Pocock had done the work rather than Mr. Canning, the expense would be higher than that claimed. Defendants do not object to the amount claimed. The investigator expense is allowed.

The subpoena fee for Lee Harmon to attend his deposition is a reasonable expense and is allowed.

The court allows $5,621.41 in non-taxable costs as part of plaintiff's attorney's fee award.

### 2. Taxable Costs

Pursuant to Rule 54(d), the court may tax specific items as costs against a losing party as stated in 28 U.S.C. §§ 1920 and 1821. <u>Twentieth Century Fox Film Corp. v. Entm't Distrib.</u>, 429 F.3d 869, 885 (9th Cir. 2005) (citing <u>Crawford Fitting Co. v. J. T. Gibbons, Inc.</u>, 482 U.S. 437, 445 (1987)). The court has broad discretion to allow or to disallow a prevailing party to recoup costs of litigation, but the court may not tax costs beyond those authorized by § 1920. <u>See</u> <u>Frederick v. City of Portland</u>, 162 F.R.D. 139, 142 (D. Or. 1995).

Defendants object to the airfare charged for plaintiff's trial witnesses, Donald and Christa Damron, who attended trial from out of state. Defendants assert the Damrons were not subject to subpoena and the airfares are not authorized by the statutes. 28 U.S.C. § 1821(c)(1) provides:

A witness who travels by common carrier shall be paid for the actual expenses of

Order Awarding Attorney's Fees and Costs - 16

travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.

The provision does not set out any limitation on the distance from which a witness may be brought for trial, and it is within the court's discretion whether to allow the cost of transporting a witness more than 100 miles. Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 231-32 (1964), disapproved in part by Crawford Fitting, 482 U.S. 437 (1987); see Nat'l Bancard Corp. v. Visa, U.S.A., Inc., 112 F.R.D. 62, 69 (S.D. Fla. 1986); Bergman v. United States, 648 F. Supp. 351, 353-54 W.D. Mich. 1986) (allowing travel costs of witnesses from outside forum), aff'd, 844 F.2d 353 (6th Cir. 1988). Here, both of the Damrons' testimony were material to plaintiff's case. Plaintiff's counsel verified the cost bill, declaring that the costs were necessarily incurred and that the services for which fees have been charged were actually and necessarily incurred. Mr. Pocock also indicates in his declaration filed in support of plaintiff's motion for fees and costs that plaintiff paid for the air tickets. See Holmes v. Cessna Aircraft Co., 11 F.3d 63, 64-65 (5th Cir. 1994) (per curiam) (affidavit of trial counsel sufficient to meet requirements of § 1821(c)(1)). Defendants do not object to the amount of the air fares claimed, and the amounts appear reasonable. See Hemmerick v. Chrysler Corp., 769 F. Supp. 525, 530-31 (S.D.N.Y. 1991), aff'd, 952 F.2d 393 (2d Cir. 1991); Brown v. McGraw-Hill Cos., 526 F. Supp.2d 950, 953-55 (N.D. Iowa 2007). The charges for attendance fees and airfares for witnesses Donald Damron and Christa Damron are allowed as taxable costs.

Defendants further object to an attendance fee and mileage for witness Pat Snyder. However, as pointed out by plaintiff, Ms. Snyder did testify at trial (see #112 Clerk's List of

Order Awarding Attorney's Fees and Costs - 17

Witnesses and Exhibits) and these fees are allowed as taxable costs.

Plaintiff's other taxable costs claimed are reasonable.  Plaintiff is allowed $1,695.30 in taxable costs.

## ORDER

Based on the foregoing, plaintiff is awarded $107,318.91 in attorney's fees (which includes $100,755 in hourly attorney's fees, $942.50 in expert fees, and $5,621.41 in non-taxable costs) (#122), and $1,695.30 in taxable costs (#123).

IT IS SO ORDERED.

DATED this _____ day of March, 2009.

_____
Mark D. Clarke
United States Magistrate Judge

Order Awarding Attorney's Fees and Costs - 18